R. Fabián & Co., Appellant, *v.* The Registrar of San Juan, Section 1, Respondent.

Appeal from a Decision of the Registrar of Property Refusing to Record a Contract of Lease.

No. 236.—Decided July 15, 1915.

Lease—Administration—Express Power.—Although the contract of lease may be considered an act of administration the power to administer must be conferred.

ID.—LEASE FOR MORE THAN SIX YEARS—RECORD OF TITLE—REAL RIGHT—ENCUMBRANCE.—A lease for more than six years which gives the lessee, after it is recorded, a real right as against a purchaser, is a limitation of the rights of the lessor, but it is not an encumbrance.

ID.—ID.—PARTIAL ALIENATION—EXPRESS POWER.—When a lease is for more than six years it is considered as a partial alienation of the property and can be made only under a special power.

POWER OF ATTORNEY.—Powers of attorney should always be construed strictly.

The facts are stated in the opinion.

*Messrs. Bosch & Soto* for the appellant.

Mr. José S. Belaval, the registrar, appeared by his substitute, Mr. Emigdio S. Ginorio.

MR. JUSTICE WOLF delivered the opinion of the court.

Josefina Finlay gave power of attorney to her husband, Rafael Fabián, to alienate, sell, encumber, mortgage, assign and exchange the real property and real rights belonging to the conjugal partnership as well as to form all kinds of partnerships and execute such total and partial cancellations of mortgages as might be necessary, empowering him further in the same manner to dispose of the real and personal property, credits, rights and interests of all kinds belonging exclusively to her, and to cancel the mortgages belonging to her personally. In alleged pursuance of this power the said Fabián made a lease for the term of six years and three months of a piece of property belonging to his wife located in San Juan, San Justo Street. The Registrar of San Juan, Section 1, refused record to this lease on the ground that the power of attorney gave the said attorney in fact no general power to lease and no specific power to lease for more than six years.

The appellants maintain that the intention to give the power to lease may be gathered from the words used above. We cannot agree with them. The act sought to be done here is neither a sale, an encumbrance, a mortgage, an assignment nor an exchange. The power of leasing might perhaps be considered as an act of administration, but no power to administer was given Rafael Fabián by his wife. The leasing

for more than six years giving the lessee after record a right as against a purchaser is a limitation on the rights of the owner, but it is not an encumbrance. Such a lease is considered by the General Directorate of Registries as a partial alienation of the property needing a special power. Decision of November 20, 1900, affirmed by decision of October 26, 1904. Similar decisions were rendered on May 29, 1906, and May 29, 1907.

This court has always held that powers of attorney must be strictly construed. *Baquero et al.* v. *Registrar of Property,* 22 P. R. R., 22, and the cases cited. The decision must be

*Affirmed.*

Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.